# UNITED STATES DISTRICT COURT

# WESTERN DISTRICT OF LOUISIANA

# LAFAYETTE DIVISION

| | |
|---|---|
| ANTHONY RAY STOOT | CIVIL ACTION NO. 07-0673 |
| VS. | SECTION P |
| BURL CAIN, WARDEN | CHIEF JUDGE HAIK |
| | MAGISTRATE JUDGE HILL |

## REPORT AND RECOMMENDATION

Before the court is a petition for writ of *habeas corpus* filed pursuant to 28 U.S.C. §2254 on April 12, 2007 by *pro se* petitioner Anthony Ray Stoot.[1] Petitioner is an inmate in the custody of Louisiana's Department of Public Safety and Corrections. He is incarcerated at the Louisiana State Penitentiary, in Angola, Louisiana where he is serving a life sentence imposed following petitioner's December 18, 2001 conviction for second degree murder entered in the Twenty-Seventh Judicial District Court for St. Landry Parish, Louisiana.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of the court. For the following reasons it is recommended that the petition be

---

[1]The original unsigned memorandum in support of the petition is dated April 12, 2007, and the envelope mailed to this court containing both of petitioner's unsigned pleadings is postmarked April 13, 2007. Accordingly, giving petitioner the benefit of the "mailbox" rule, the earliest date petitioner could have mailed his pleadings to this court is April 12, 2007.

**DENIED** and **DISMISSED WITH PREJUDICE** because the petition is barred by the one-year limitation period codified at 28 U.S.C. § 2244(d).

## PROCEDURAL HISTORY

On October 30, 2002, petitioner's conviction and sentence were affirmed by the Louisiana Third Circuit Court of Appeals.  *State of Louisiana v. Anthony Ray Stoot*, KA 02-00580, 831 So.2d 1100 (Table).   Petitioner argued a single claim for relief, that there was insufficient evidence to support his conviction.

On September 26, 2003, petitioner's request for discretionary review in the Louisiana Supreme Court was denied.  *State of Louisiana v. Anthony Ray Stoot*, 2002-KO-3151 (La. 9/26/2003), 854 So.2d 347.   Petitioner did not seek further direct review in the United States Supreme Court.

On June 16, 2004 petitioner filed an Application for Post-Conviction Relief in the Twenty-Seventh Judicial District Court. In that Application petitioner alleges that he raised claims of trial court error, prosecutorial error, ineffective assistance of counsel, and cumulative error.   Following an evidentiary hearing, on September 24, 2004, the trial court denied petitioner's claims for relief.

On October 28, 2005, in an unpublished decision, the Louisiana Third Circuit Court of Appeal denied petitioner's request for writs.  Notice of the writ denial was sent to petitioner on October 28, 2005. [rec. doc. 9, Exhibit 6[2]].  Petitioner received the Third

---

[2] Petitioner has provided this court with the envelope which contained the Thrid Circuit's Ruling.  That envelope is post-marked October 28, 2005.  Moreover, even in the absence of the envelope, this court would assume

Page 2

Circuit's writ denial on October 31, 2005, signing for same in accordance with the institutional rules and procedures for receipt of legal mail.[3] [rec. doc. 9, ¶ 6 and Exhibit 6]. On January 18, 2006, petitioner submitted his application for writs in the Louisiana Supreme Court to prison authorities for mailing.  [rec. doc. 9, ¶7 and Exhibit 7, p. 50 (Inmate's Request for Legal/Indigent Mail)].  The Louisiana Supreme Court denied petitioner's writ application on October 27, 2006 without comment.  *State of Louisiana ex rel. Anthony Stoot v. State of Louisiana*, 2006-KH-0811 (La. 10/27/2006), 939 So.2d 1271.

The instant petition was filed, at the earliest, on April 12, 2007.[4]

## LAW AND ANALYSIS

This petition was filed after the effective date of the Anti-Terrorism and Effective Death Penalty Act of 1996 (AEDPA).  Therefore, the court must apply the provisions of AEDPA, including the timeliness provisions codified at 28 U.S.C. § 2244(d) . *Villegas v. Johnson,* 184 F.3d 467, 468 (5th Cir. 8/9/1999); *In Re Smith,* 142 F.3d 832, 834 citing *Lindh v. Murphy,* 521 U.S. 320, 336, 117 S.Ct. 2059, 138 L.Ed.2d 481 (1997).

---

that the Third Circuit complied with the Uniform Rules of the Courts of Appeal and mailed notice of judgment on the date that judgment was rendered. *See* Uniform Rules, Courts of Appeal, Rule 4-6.

[3]In his Supreme Court writ application, petitioner alleged that he received a copy of the Third Circuit's writ denial on November 4, 2005. [*See* rec. doc. 9, Exhibit 7 at p. 3].  However, in his pleadings to this court, he admits that he received, and signed for, the Third Circuit's Ruling on October 31, 2005. [*See* rec. doc. 9, ¶ 6].  For the reasons set forth below, this discrepancy does not change the undersigned's analysis or recommendation for dismissal of this action because even if petitioner did not receive the Ruling until the later date, his writ application to the Louisiana Supreme Court, filed over thirty days thereafter on January 18, 2006, was nevertheless untimely.

[4]*See* fn. 1, *supra*.

Title 28 U.S.C. § 2244(d)(1)(A) was amended by AEDPA to provide a one-year statute of limitations for the filing of applications for writ of *habeas corpus* by persons in custody pursuant to the judgment of a State court.  This limitation period generally runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review ...." 28 U.S.C. § 2244(d)(1)(A).[5]

The statutory tolling provision set forth in 28 U.S.C. § 2244(d)(2)  provides that the time during which a properly filed application for post-conviction relief was pending in state court is not counted toward the limitation period.  *Ott v. Johnson,* 192 F.3d 510, 512 (5th Cir. 1999); *Fields v. Johnson,* 159 F.3d 914, 916 (5th Cir. 1998); 28 U.S.C. § 2244(d)(2).  However, any lapse of time before the proper filing of an application for post-conviction relief in state court is counted against the one-year limitation period. *Villegas,* 184 F.3d at 472 citing *Flanagan,* 154 F.3d at 199, n.1; *Melançon v. Kaylo*, 259 F.3d 401, 404 (5th Cir. 2001); *See also Salinas v. Cockrell*, 354 F.3d 425 (5th Cir. 2004). Moreover, any lapse of time between the date that state post-conviction proceedings end and the date a federal petition is filed is also counted against the one-year limitation period. *Melancon v. Kaylo,* 259 F.3d 401, 404 (5th Cir. 2001); *Williams v. Cain*, 217 F.3d 303 (5th Cir. 2000).  Federal courts may raise the one-year time limitation *sua sponte*. *Kiser v. Johnson,* 163 F.3d 326 (5th Cir. 1999).

---

[5] Nothing in the record before the court suggests that the State created impediments which prevented the filing of the petition. Further, nothing in the record suggests that petitioner is relying on a constitutional right newly recognized by the United States Supreme Court which was made retroactively applicable to cases on collateral review.  Finally, nothing in the record suggests that the factual predicate of the claims presented was only recently discovered. [*See* 28 U.S.C. § 2244(d)(1)(B), (C), and (D)].  Accordingly, those subsections are inapplicable.

Direct review of petitioner's conviction and sentence  was denied by the Louisiana Supreme Court on September 26, 2003, and petitioner did not seek further direct review in the United States  Supreme Court.  Thus, petitioner's conviction became final after the delay for seeking direct review in the United States Supreme Court expired, that is, at the latest, December 26, 2003, ninety days after the Louisiana Supreme Court's denial of review on direct appeal.  *See* Supreme Court Rule 13; *Ott v. Johnson*, 192 F.3d 510 (5th Cir. 1999);  *Roberts v. Cockrell,* 319 F.3d 690, 693 (5th Cir. 2003); *Clay v. United States*, 123 S.Ct. 1072, 1077 at fn. 3 (2003).  Under 28 U.S.C. § 2244(d)(1), petitioner had one year, or until December 26, 2004, to file for relief in this court.

Petitioner was able to statutorily toll the limitations period during the time petitioner had a "properly filed" state post-conviction proceeding  "pending" in the Louisiana state courts.  28 U.S.C. § 2244(d)(2). Statutory tolling thus began on June 16, 2004 when petitioner filed his Application for Post Conviction Relief in the Twenty-Seventh Judicial District Court.   Statutory tolling continued during the time this "properly filed" Application remained "pending" in the District Court until relief was denied on September 24, 2004, following an evidentiary hearing on the Application. Thereafter, state post-conviction proceedings remained "pending" before the Third Circuit Court of Appeals during the pendency of petitioner's "properly filed" writ application under that court's docket number KH 05-1022, through the date of the Third Circuit's writ denial on October 28, 2005.

Page 5

After that date, however, petitioner's post-conviction proceeding failed to remain "properly filed" or "pending".  Under Louisiana Supreme Court Rule X, § 5(a), petitioner had a period of 30-days following the mailing of the Third Circuit's Notice of Judgment within which to file his writ application in the Louisiana Supreme Court.[6]  The record demonstrates that Notice was mailed on October 28, 2005, and that Notice was received by petitioner on October 31, 2005.  By his own admission, petitioner did not file his Louisiana Supreme Court writ application until January 18, 2006.[7]  Therefore, petitioner's untimely writ application, filed beyond  the 30-day period of limitations established by Supreme Court Rule X, § 5(a), was not a "properly filed" post-conviction pleading.  Moreover, when petitioner failed to file a timely writ application in the Louisiana Supreme Court, his state post-conviction proceeding was no longer "pending."  Therefore, this untimely writ application could not toll the limitations period.

In *Williams v. Cain*, 217 F.3d 303, 309-11 (5th Cir. 2000), the Fifth Circuit confronted an issue identical to the issue presented herein.  In *Williams* the petitioner's application for supervisory writs was denied by the Louisiana intermediate appellate court on March 10, 1994. Williams filed his writ application in the Louisiana Supreme Court

---

[6] Louisiana Supreme Court Rule X, § 5(a) provides: "An application seeking to review a judgment of the court of appeal ... after a denial of an application, shall be made within thirty days of the mailing of the notice of the original judgment of the court of appeal ... No extension of time therefor will be granted."

[7] The "mailbox rule" has been approved by the Louisiana Supreme Court.  See *State of Louisiana ex rel. Egana v. State of Louisiana*, 00-2351 (La.9/22/00), 771 So.2d 638.  Thus, petitioner's writ application is deemed as "filed" the moment the writ application was presented to prison officials for mailing to the Louisiana Supreme Court, that date being January 18, 2006. [rec. doc. 9, Exhibit 7.]

Page 6

sometime in May 1995, well beyond the thirty day period of limitations provided by Louisiana Supreme Court Rule X, § 5(a). The Fifth Circuit held that Williams's application for post-conviction relief in the Louisiana courts ceased to be "properly filed" for the purpose of § 2244(d)(2) when Williams failed to file his application for a supervisory writ with the Louisiana Supreme Court within the time allowed by Rule X, § 5(a).  The Court noted that Rule X, § 5(a) is a procedural requirement governing the time of filing. The rule sets out no specific exceptions to, or exclusions from, the requirement and forbids any extension of the thirty-day limit.  *Williams v. Cain*, 217 F.3d at 308.  Moreover, the court held that when Williams failed to comply with Rule X, § 5(a), his application ceased to be "pending"because further appellate review was no longer available to him.  *Id.* at 310-311.

Thus, as in *Williams*, petitioner's untimely writ application in the Louisiana Supreme was not "properly filed" and could not serve to toll the limitations period. Statutory tolling under § 2244(d)(2) ceased after either October 28, 2005 (when the Third Circuit mailed notice of its denial of writs) or at the latest, November 28, 2005 (when the period of limitations established by Rule X expired), because petitioner's failure to comply with Rule X rendered his application no longer "pending."[8]   Thereafter,  a period

---

[8] The Fifth Circuit did not address the issue of whether statutory tolling should be considered to have ceased as of the date that the intermediate appellate court denied relief, or the date that the Rule X time limits expired because the issue was not dispositive considering the lengthy non-tolled period which followed. *Williams*, 217 F.3d at 311, fn 9.  Such is the case herein.

Furthermore, even if this court were to toll the period during which petitioner's Supreme Court writ application was pending, his federal petition is nevertheless untimely.  One hundred and seventy one days of the one year limitation period elapsed after petitioner's conviction became final on December 26, 2003 before petitioner

of well over one-year elapsed before petitioner filed his federal *habeas corpus* petition in this court. In short, petitioner's federal *habeas corpus* petition is clearly time-barred by the provisions of 28 U.S.C. § 2244(d).

Petitioner is also unable to rely upon the doctrine of equitable tolling.  To be entitled to equitable tolling, petitioner must show "that he has been pursuing his rights diligently" and "that some extraordinary circumstance stood in his way and prevented timely filing." *Lawrence v. Florida,* -- U.S. at --, 127 S.Ct. at 1085; *Pace v. DiGuglielmo*, 544 U.S. 408, 418, 125 S.Ct. 1807, 1814, 161 L.Ed.2d 669 (2005). *See also Coleman v. Thompson*, 184 F.3d 398, 402-403 (1999), *cert. denied* 120 S.Ct. 2564 (2000); *Scott v. Johnson*, 227 F.3d 260, 262 (5th Cir.2000); *Phillips v. Donnelly*, 216 F.3d 508, 511 (5th Cir.2000).

Petitioner has failed to demonstrate any extraordinary circumstance which in any way prevented his timely filing.  Neither "excusable neglect" nor ignorance of the law is sufficient to justify equitable tolling.  *Fierro v. Cockrell*, 294 F.3d 674, 682 (5th Cir. 2002); *Felder*, 204 F.3d at 171 *citing Fisher*, 174 F.3d at 714.  *See also Coleman,* 184 F.3d at 402.  Additionally, even attorney error or neglect is not such an extraordinary circumstance so as to justify the application of equitable tolling. *Cousin v. Lensing*, 310 F.3d 843, 847-48 (5th Cir. 2002).  This is so even in cases where a petitioner is harmed by the actions or inactions of his counsel.  *Id.*

---

filed for state post-conviction relief on June 16, 2004, an additional fifty days elapsed between the November 28, 2005 expiration of the Rule X § 5(a) limitation period and petitioner's January 18, 2006 filing in the Louisiana Supreme Court, and an additional one hundred sixty six days elapsed from the Louisiana Supreme Court's October 27, 2006 writ denial until the April 12, 2007 filing of the instant petition, a period in excess of three hundred sixty five days.

Moreover, under the circumstances presented, the undersigned cannot find that petitioner diligently pursued federal *habeas* relief.  In this case, petitioner allowed a period of almost six months to elapse after his conviction became final before he sought state post-conviction relief, and then waited almost six more months after the Louisiana Supreme Court denied his untimely writ application before filing for relief in this court. In short, the instant petition for writ of *habeas corpus* is time-barred by the provisions of §2244(d)(1)(A) and dismissal on that basis is appropriate.

**ACCORDINGLY,**

**IT IS RECOMMENDED** that this petition for *habeas corpus* should be **DENIED AND DISMISSED WITH PREJUDICE**  because petitioner's claims are barred by the one-year limitation period codified at 28 U.S.C. § 2244(d).

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have ten (10) business days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A  party may respond to another party's objections within ten (10) days after being served with a copy of any objections or response to the District judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within ten (10) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual**

findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.  *See, Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir.  1996).

Signed in chambers at Lafayette, Louisiana on September 10, 2007.


_____
C. MICHAEL HILL
UNITED STATES MAGISTRATE JUDGE